IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK N. JARVIS, | : | CIVIL ACTION NO. **1:CV-12-0574** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ANALYTICAL LABORATORY | : | |
| SERVICES INC., et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On March 29, 2012, the *pro se* Plaintiff, Derek N. Jarvis, a resident of 11531 February Circle, Silver Spring, Montgomery County, Maryland,  filed a 14-page typed Complaint against Defendants Analytical Laboratory Services, Inc. ("ALS"), 34 Dogwood Lane, Middletown, Pennsylvania, and Enterprise Leasing Company ("ELC"), a Missouri corporation with a business address at 2273 Research Blvd., 7th Floor, Rockville, Maryland.  Plaintiff claims that his former employer Defendant ELC "blacklisted" him by falsifying disciplinary charges against him and by falsifying the reason he was terminated as retaliation due to his race discrimination charge against ELC "which lead to 'Blacklisting' by [his] prospective employer [Defendant] 'ALS.'" (Doc. 1). Plaintiff attached exhibits to his Complaint, including a copy his undated and unsigned Charge of Discrimination he seemingly filed against Defendant ELC with the  Equal Employment Opportunity Commission ("EEOC"), Maryland Division.  Plaintiff listed discrimination based on retaliation in his EEOC Charge and listed the dates discrimination took place as "04-18-2007" to " 06-08-2008." In his EEOC Charge, Plaintiff stated that he commenced his employment with ELC in June 2000

and subsequently became a "Driver Field Tech[nician]."   Plaintiff claimed that in April 2007, he was terminated by ELC due to his complaint of employment discrimination against it.  Plaintiff stated that on June 8, 2008, he applied for a job with Defendant ALS and that ALS did not hire him due to retaliation against him because he filed an EEOC Charge against Defendant ELC.  Plaintiff concluded in his EEOC Charge that he "was blacklisted by [ELC] and [ALS]" and that they discriminated and retaliated against him in violation of Title VII with respect to his discharge by ELC and with respect to ALS's refusal to hire him.

Plaintiff's Exhibits attached to his Complaint also include a copy of the EEOC's April 20, 2010 Dismissal of his EEOC Charge (No. 531-2008-01668) with the EEOC Baltimore Field Office, in which Plaintiff  alleged discrimination based on race "(black)" against Defendant ALS since ALS asked him his race on his job application. Plaintiff also included as an Exhibit attached to his Complaint a copy of ALS's job application which asked for the applicant's ethnic origin.  Regarding Plaintiff 's EEOC Charge (No. 531-2008-01668), the EEOC stated that, based upon its investigation, it was unable to conclude that ALS violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII").   The EEOC also advised Plaintiff of his Notice of Rights stating that he had 90 days to file a lawsuit in federal or state court against ALS  under Title VII. Plaintiff did not file his instant lawsuit under Title VII in this Court within 90 days of the EEOC 's April 20, 2010 Dismissal of his EEOC Charge (No. 531-2008-01668).

Plaintiff's Exhibits attached to his Complaint also include a copy of the EEOC's January 6, 2012 Dismissal of his second EEOC Charge, filed with the EEOC Baltimore Field Office, against Defendant ALS for failing to timely file this EEOC Charge against ALS.  The EEOC also advised

Plaintiff of his Notice of Rights stating that he had 90 days to file a lawsuit in federal or state court against ALS under Title VII.  As stated above, Plaintiff  applied for a job with ALS on June 8, 2008. Thus, on January 6, 2012, the EEOC issued its Dismissal of Plaintiff's second EEOC Charge against Defendant ALS since he did not timely file it.

Plaintiff's Exhibits attached to his Complaint further include a copy of the EEOC's March 7, 2012 Dismissal of his EEOC Charge against Defendant  ELC in which the EEOC stated that, based upon its investigation,  it was unable to conclude that ELC violated Tittle VII. The EEOC also advised Plaintiff of his Notice of Rights stating that he had 90 days to file a lawsuit in federal or state court against ELC under Title VII.

Plaintiff instituted the above case in federal court within 90 days of the  EEOC's January 6, 2012 Dismissal of his second EEOC Charge against Defendant ALS and within 90 days of the EEOC's March 7, 2012 Dismissal of his EEOC Charge against Defendant  ELC.   As stated, the instant case was not filed within 90 days of the EEOC's April 20, 2010 Dismissal of Plaintiff 's first EEOC Charge (No. 531-2008-01668) with the EEOC, in which Plaintiff  alleged discrimination based on race "(black)" against Defendant ALS.  Also, as stated, with respect to Plaintiff's second EEOC Charge against Defendant ALS, on  January 6, 2012, the EEOC issued its Dismissal of this Charge  since Plaintiff  did not timely file it.  Further, as mentioned, Plaintiff filed all three of his EEOC Charges against Defendants with the EEOC Baltimore Field Office.

In his present Complaint, Plaintiff alleges that Defendants ALS and ELC discriminated against him due to his race and that Defendants retaliated against him by "blacklisting" him due to his discrimination complaint against ELC filed during his employment with ELC.  Plaintiff avers that

Defendant ALS retaliated against him when he applied for a job with it on June 8, 2008, because he filed a discrimination complaint against his former employer Defendant ELC.  Plaintiff asserts a claim under Title VII for retaliation (Count One), seemingly a claim under "Pennsylvania Human Rights Laws,"[1] a claim under 42 U.S.C. §1981 (Count Two) and, a claim under 42 U.S.C. §1985 (Count Three).[2]  Plaintiff also raises state law claims for intentional and/or negligent infliction of emotional distress[3] (Count Four) and, negligent training and supervision (Count Five).  (Doc. 1, p. 11).

Additionally, Plaintiff avers that Defendant ALS "retaliated against [him], by 'BLACKLISTING' [him] during legal proceeding in 2011, in summary judgment motion [Defendant ALS] filed [in] the Maryland District Court in Greenbelt, Maryland.  Case No. RWT-10-CV-1540."  (Doc. 1, p. 4).  Plaintiff avers that in Defendant ALS's summary judgment motion it filed in his previous

---

[1] We presume Plaintiff meant to state he was bringing a claim for violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §951, *et seq*.  We note that Plaintiff's Counts in his Complaint do not include a separate claim under the PHRA.  We also note that the analysis of Plaintiff's Title VII claim (Count One)  applies equally to any PHRA claim he may be deemed as asserting.  *See Rozic v. Trinity Industries, Inc.*, 47 Fed. Appx. 151, 152, 2002 WL 31151322 , **1 (3d Cir. Pa.); *Davis v. Tammac Corp*. 127 F. Supp. 2d 625, 629, n. 6  (M.D. Pa. 2000) ("Claims brought under the PHRA are analyzed under the same standards as their federal counterparts." (Citations omitted)); *Thimons v. PNC Bank, N.A.*, 254 Fed. Appx. 896, 897, n. 1 (3d Cir. 2007).

[2] Plaintiff fails to state under what subsection of 42 U.S.C. §1985 he is asserting a claim, but it is clear that he is proceeding under§1985(3), conspiracy to interfere with civil rights. (Doc. 1, p. 11).

[3] We note that under Pennsylvania law, to state a claim of intentional infliction of emotional distress ("IIED"), Plaintiff must allege extreme and outrageous conduct which intentionally or recklessly causes him severe emotional distress.  *See Killen v. Northwestern Human Services, Inc.*, 2007 WL 2684541, *9 (E.D. Pa.)(citations omitted).

4

discrimination action he filed against ALS in the U.S. District Court for the District of Maryland, ALS admitted that it "rejected Plaintiff from employment based upon his EEOC charge against [his] former employer [ELC]."  (*Id*.). Plaintiff also alleged that Defendant ALS "engaged in retaliatory Blacklisting, when it rejected [him] from employment based on his complaint against [his] former employer [ELC] for wage bias, race discrimination and retaliatory discharge."  Plaintiff states that his prior lawsuit against Defendant ALC was dismissed by the U.S. District Court for the District of Maryland "without justification and disregarded federal statutes and laws, in dismissing that case which that court is known to do." (*Id*., p. 3).  Plaintiff also states that the U.S. District Court for the District of Maryland unlawfully allowed Defendant ALC to utilize a "Blacklisting defense" in his Case No. RWT-10-CV-1540 and dismissed his case.  (*Id*., p. 7). Thus, Plaintiff concedes that he lost his prior case against Defendant ALS in the U.S. District Court for the District of Maryland but he claims that the assigned federal judge unlawfully dismissed his case.

Plaintiff further states that he filed a previous discrimination action against Defendant ELC in the U.S. District Court for the District of Maryland in 2007, Case No. DKC-07-CV-3385, and that his case "was sabotaged by the Chief Judge" whereby "Judge Chasanow obstructed justice and engage in conduct prejudicial to the expeditious administration of justice and the business of the courts." (*Id*., p. 6).  Plaintiff states that he has added ELC as a Defendant in his present action "as a result of [his] Complaint filed against [ELC in the  U.S. District Court for the District of Maryland] in [his] 2007 [discrimination lawsuit]." (*Id*.).   As stated, Plaintiff concedes that he lost his prior case against Defendant ECL in the U.S. District Court for the District of Maryland but he claims that the assigned federal judge unlawfully dismissed his case.

Plaintiff does not indicate if he filed an appeal with the Fourth Circuit Court of Appeals with respect to his Case No. RWT-10-CV-1540 against Defendant ALS and with respect to his Case No. DKC-07-CV-3385 against Defendant ELC.[4]

As relief, Plaintiff requests declaratory and injunctive relief as well as compensatory and punitive damages.

Plaintiff filed a Motion to proceed *in forma pauperis*.  (Doc. 2).

Plaintiff' s Complaint has not yet been served on Defendants and the Court has not yet ruled on his Motion to proceed *in forma pauperis*.  Plaintiff invokes the jurisdiction of this Court based upon federal question, 28 U.S.C. § 1331, since his Complaint alleges violations of Title VII.  (Doc. 1, p. 5).  Plaintiff only states that venue of his case is proper in the Middle District Pennsylvania as against Defendant ALS since this Defendant is located in the Middle District Pennsylvania and the alleged discrimination occurred in this district.  (Id.).   Plaintiff does not state that venue as to Defendant ELC is proper in the Middle District Pennsylvania and we do not find that it is.  We also find that Plaintiff has failed to state a claim under §1985(3) in his Complaint.  Further, we find that Plaintiff 's instant action as against both Defendants may be barred by res judicata.[5]   Additionally,

---

[4]As noted below, to the extent Plaintiff is now attempting to reassert his Title VII claims against Defendant ELC and Defendant ALS which were dismissed by the District Court for the District of Maryland, the doctrine of res judicata may bar his instant discrimination claims under Title VII as against both Defendants.  Plaintiff's recourse regarding the dismissal of his prior Title VII cases against both Defendants by the District Court for the District of Maryland was to file appeals with the Fourth Circuit Court of Appeals.

[5]We find that Plaintiff's discrimination claims under Title VII as against both Defendants may be barred by res judicata insofar as they are the same claims he instituted against these Defendants in the District Court for the District of Maryland and lost both cases.  In order for res judicata to apply, one factor is that Plaintiff's instant Title VII claims are based on his claims

we find that Plaintiff 's PA state law claims (Counts Four and Five) should be dismissed as time barred.

In his Complaint, Plaintiff indicates that he exhausted his administrative remedies with the EEOC regarding his present Title VII retaliation claim as required.  As stated, Plaintiff 's Exhibits show that the EEOC issued Notices of Rights to Suit as against both Defendants.

As mentioned, Plaintiff also filed a request to proceed *in forma pauperis*.  (Doc. 2).  Plaintiff indicates that he is unemployed and that last year he received $250 biweekly in unemployment benefits and that he no longer receives benefits.  Plaintiff indicates that he owns no assets other than a 2003 Toyota Camry, has no accounts and does not own any real property of valuable

---

he raised against Defendants in his prior federal cases in the U.S. District Court for the District of Maryland.  *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation omitted).  For res judicata to apply, Defendant must show the following elements:

> (1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.

*Id.* (citation omitted).

For collateral estoppel, or issue preclusion, to apply, under Pennsylvania law, the following elements are required:

> (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in question in a prior action.

*James v. Heritage Valley Federal Credit Union*, 197 Fed. Appx. 102, 105 (3d Cir. 2006). (citation omitted).

Further, to the extent Plaintiff alleges that the District Court for the District of Maryland unlawfully dismissed his prior actions against Defendants, his recourse was to file appeals with the Fourth Circuit Court of Appeals.

personal property. (*Id*.). We shall recommend that Plaintiff's request to proceed *in forma pauperis* be granted.[6] (Doc. 2).

To date, Plaintiff's Complaint has not been served on Defendants. This Court has jurisdiction over Plaintiff's Title VII action under 28 U.S.C. §1331. *See Barzanty v. Verizon PA, Inc.*, 361 Fed.Appx. 411, 413, n. 3 (3d Cir. 2010); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144, 145, n. 1 (3d Cir. 2007). This Court can exercise pendent jurisdiction over Plaintiff's state law claims (Counts Four and Five) pursuant to 28 U.S.C. § 1367. *See Slater v. Susquehanna Co.*, 613 F. Supp. 2d 653, 657 (M.D. Pa. 2009).

## II.  Screening Plaintiff's Complaint.

As stated, Plaintiff Jarvis filed a Motion to proceed *in forma pauperis*. (Doc. 2). Since Plaintiff filed a Motion to Proceed *in forma pauperis,* we are obliged to screen Plaintiff's pleading and to see if it is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).[7] As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to

---

[6]If this case is permitted to proceed as against Defendant ELC, as discussed below, we find venue of Plaintiff's action against this Defendant is more appropriate in the Maryland District Court. *See* 42 U.S.C. §2000e-5(f)(3); 28 U.S.C. § 1404(a) and  § 1391(6). *See also Joiner v BOP*, 2005 WL 3088371 (M.D. Pa.); *Michtavi v. Miner*, Civil No. 07-0628, M.D. Pa.  In fact, Plaintiff filed all three of his Charges of Discrimination against Defendant ELC and Defendant ALS with the EEOC in Baltimore, Maryland.   Also, as discussed, Plaintiff filed prior Title VII actions against both Defendants in the Maryland District Court and lost both cases.


[7]The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a Defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6,

this Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal  - -
> > > (i)      is frivolous or malicious;
> > > (ii)     fails to state a claim on which relief may be granted; or
> > > (iii)    seeks monetary relief against a defendant who is immune from such relief.

> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints").  While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases.  *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.);

28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4, 2009 WL 4051244 (M.D. Pa.); *Leininger v. Twoton Inc.*, 2009 WL 1363386, * 2 (M.D. Pa.); *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10 Memorandum); *McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(court stated that screening process was required by 28 U.S.C. §1915 for civil action filed by non-inmate seeking to proceed *in forma pauperis*).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Despite the fact that Plaintiff is not an inmate complaining about prison conditions, §1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners.  *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court applies the Rule 12(b)(6) Motion to Dismiss standard in screening a Complaint.

**III. Motion to Dismiss Standard.**

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining

10

whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).[8]

---

[8]The Court can consider Plaintiff's Exhibits submitted with his Complaint (Doc. 1) for present screening purposes. *See Reisinger v. Luzerne County,* 2010 WL 1976821, *7 (M.D. Pa.); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993); *Kuniskas v. Walsh,* 2010 WL 1390870, *3 (M.D. Pa.).

**IV. Discussion.**

We find that Plaintiff's present action raises, in part,  Title VII retaliation claims against both Defendants. (Doc. 1, p. 9, Count One). As stated, Plaintiff claims that his former employer, Defendant ELC, retaliated against him by terminating his employment in April 2007 due to his EEOC Charge of Discrimination against ELC and due to his prior federal lawsuit he filed against ELC, Case No. DKC-07-CV-3385, D. MD. Plaintiff also states that Defendant ELC retaliated against him by "blacklisting" him when it falsified disciplinary files against him and falsified the reason he was terminated.  Plaintiff states that Defendant ALS retaliated against him by rejecting his June 8, 2008 application for employment due to his EEOC Charge and federal lawsuit he filed against Defendant ELC.  Plaintiff states that there was a causal connection between the alleged retaliatory conduct of Defendant ALS and his Charge of Discrimination and federal lawsuit against Defendant ELC. However, Plaintiff does not state any connection between Defendant ELC and Defendant ALS. Thus, Plaintiff alleges that Defendant ELC retaliated against him by terminating him in April 2007 due to his EEOC Charge of Discrimination against ELC and due to his prior federal lawsuit he filed against ELC, and that Defendant ALS retaliated against by not hiring him in June 2008 due to his Charge of Discrimination with the EEOC and federal lawsuit against Defendant ELC.

In *Slater v. Susquehanna County*, 631 F.Supp. 2d at 662,  the Court stated:

Section 704(a) of Title VII provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title, or because he has made a  charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

12

hearing under this title.

42 U.S.C. § 2000e-3. To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) the employer (or labor organization) took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action. *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 320 (3d Cir.2008).

Based on the above stated allegations of Plaintiff's Complaint and based on *Slater*, we find that Plaintiff has stated a cognizable Title VII retaliation claim against Defendant ELC and Defendant ALS.  However, with respect to Defendant ELC, we find that venue is more appropriate in the  the U.S. District Court for the District of Maryland.  Neither Plaintiff nor Defendant ELC have any connection with the Middle District of Pennsylvania other than Plaintiff's claim that Defendant ALS failed to hire him due to his  Charge of Discrimination with the EEOC and federal lawsuit against Defendant ELC, and that Defendant ELC falsified the reason it terminated him in April 2007.  We find that this connection between Plaintiff and Defendant ELC and the Middle District of Pennsylvania to be tenuous at best and insufficient under 42 U.S.C. §2000e-5(f)(3).

In *Berg v. Aetna Freight Lines*, 2008 WL 2779294, *2 (W.D. Pa. 7-15-08), the Court stated:

Title VII's exclusive mandatory venue provisions are set out at 42 U.S.C. §2000e-5(f)(3).  Pursuant to this Section, venue in a Title VII action is proper:

(1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed,

(2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or

(3) in the judicial district in which the aggrieved person would have

worked but for the alleged unlawful employment practice.

If none of the above three options applies, then the case is to be filed "within the judicial district in which the Respondent has [its] principal office." *Id*.

As stated, Plaintiff does not state the basis as to why he believes venue is proper in the Middle District of Pennsylvania with respect to his Title VII claim against Defendant ELC. Plaintiff does however state the basis as to why he believes venue is proper in the Middle District of Pennsylvania with respect to his Title VII claim against Defendant ALS. (Doc. 1, p. 5). Clearly, venue as to Plaintiff's Title VII claim against Defendant ALS is proper in the Middle District of Pennsylvania. We find that the elements of the conduct which forms the basis of Plaintiff's Title VII claim against Defendant ELC all occurred in the District of Maryland. The Court in *Berg v. Aetna Freight Lines*, 2008 WL 2779294, *2, found that the term "unlawful employment practice" is defined in Title VII, in pertinent part, "as an employer's action 'to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin ... .'" The *Berg* Court also stated, "[i]n determining where an alleged discriminatory practice occurred, courts look to not only where the decisions were made, but also to where the discriminatory acts took place." *Id*.(citations omitted).

We find that all of the discriminatory acts which Plaintiff alleges were made by Defendant ELC took place in Maryland, where ECL had its place of business and where Plaintiff had worked for ELC. Thus, we will recommend that Plaintiff's Title VII retaliation claim in his Complaint (Count One) as against Defendant ALS be allowed to proceed in this Court and, that his Title VII retaliation

claim against Defendant ELC be dismissed without prejudice to file it in the U.S. District Court for the District of Maryland.   As indicated, Plaintiff is still well within his 90-days to file a lawsuit against Defendant ELC in federal court according to the EEOC's March 7, 2012 Dismissal of Plaintiff's EEOC Charge and Notice of Rights as against ELC. (Doc. 1, Ex.).   Alternatively, we will recommend that Plaintiff's action as against Defendant ELC be transferred to the U.S. District Court for the District of Maryland pursuant to 42 U.S.C. §2000e-5(f)(3).

Also, as mentioned, Plaintiff states that he exhausted his administrative remedies before he commenced his instant case regarding the June 8, 2008 employment action Defendant ALS  took against him.  Plaintiff claims that on June 8, 2008, he applied for a job with Defendant ALS and that ALS failed to hire him due to retaliation against him because of his EEOC Charge of discrimination he filed against Defendant ELC.   Plaintiff states that both Defendant ELC and Defendant ALS blacklisted him.   However, Plaintiff's own Exhibit shows that the EEOC dismissed his Charge of discrimination against Defendant ALS since it found that his "charge was not timely filed with EEOC; in other words, [Plaintiff] waited tool long after the date(s) of the alleged discrimination to file [his] charge."  (Doc. 1, 1-6-12 EEOC Dismissal and Notices of Rights).

In *Morales v. PNC Bank, N.A.*, 2011 WL 3425644, *4 (E.D. Pa. 4-4-11), the Court stated:

> A Title VII plaintiff is required to exhaust all administrative remedies before bringing a claim for judicial relief. 42 U.S.C. § 2000e–5(e); *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996); *DeLa Cruz v. Piccari Press,* 521 F.Supp.2d 424, 431 (E.D.Pa.2007). **To do so, the plaintiff must "fil [e] a timely discrimination charge with the EEOC."** *DeLa Cruz,* 521 F.Supp.2d at 431 (citing *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984)). The purpose of this requirement is "(1) to ensure 'that an employer is made aware of the complaint lodged against him and is given the opportunity to take remedial action,' and (2) to give 'the EEOC the opportunity to

fulfill its statutory duties of eliminating unlawful practices through the administrative process.' " *O'Donnell v. Michael's Family Rest., Inc.,* No. CIV.A.07–5386, 2008 WL 2655565, at *2 (E.D.Pa. July 1, 2008) (quoting *Jackson v. J. Legis Crozer Library,* No. CIV.A.07–481, 2007 WL 2407102, at *5 (E.D.Pa. Aug. 22, 2007) (citing *Bihler v. Slinger Co.,* 710 F.2d 96, 99 (3d Cir.1983)).

(Footnote omitted)(emphasis added); *DeLa Cruz v. Piccari Press,* 521 F.Supp.2d 424, 431 (E.D. Pa. 2007).

"Generally, a Title VII Plaintiff cannot bring claims in a civil lawsuit that were not first included in an EEOC charge and exhausted at the administrative level." *Morales v. PNC Bank, N.A.,* 2011 WL 3425644, *4(citation omitted). Further, "[i]n Title VII actions, failure to exhaust administrative remedies is an affirmative defense on which the Defendant bears the burden of proof." *Id.* (citation omitted).  *See also McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(citation omitted)(Court held that failure to exhaust is an affirmative defense).

In *Leonard v. Bristol Tp. School Dist.*, 2010 WL 2995540, *3, n. 1 (E.D. Pa. 7-28-10),  a Title VII case, the Court noted that "[a] complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face." (citations omitted).  The *Leonard* Court also stated that "[p]rior to bringing a claim for judicial relief under Title VII or the PHRA, a Plaintiff must exhaust all administrative remedies." *Id.*, *3(citation omitted).

Additionally, "Title VII exhaustion requirements are not jurisdictional, but rather function like a statute of limitations." *Rosier v. Holder*, 2011 WL 2516152, *2 (D.D.C. 6-24-11).  Thus, the alleged failure to exhaust administrative remedies of a Title VII claim can be raised in a Rule 12(b)(6) motion to dismiss. *Id.*

In *Barzanty v. Verizon PA, Inc.*, 361 Fed.Appx. at 413-414, the Third Circuit stated:

A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. **Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC.** *Id.* §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. *Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001). The ensuing suit is  limited to claims that are within the scope of the initial administrative charge. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Id.*

After a charge is filed, "the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination....' " *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960, 966 (3d Cir.1978) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398-99 (3d Cir.1976)); *see also Antol,* 82 F.3d at 1295; *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984). Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge." *Hicks,* 572 F.2d at 967. Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it. *See* 42 U.S.C. § 2000e-5(b), (e)(1).

(Emphasis added).

Plaintiff's instant Complaint and Exhibits reveal that he filed a retaliation claim under Title VII  against Defendant ALS with the EEOC, and that on January 6, 2012, the EEOC found that his Charge was not timely filed and dismissed the Charge. As stated, Plaintiff must exhaust his administrative remedies before he can file a Title VII action in federal court.  *See McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 356 (3d Cir. 2010)(citation omitted); *Kern v. Schuylkill Inter. Unit 29*, 2010 WL 235107, *3 (M.D. Pa.).  Thus, it appears that Plaintiff's EEOC Charge against

17

Defendant ALS was not timely filed with the EEOC.[9]

Once the EEOC issues a decision regarding a discrimination complaint, a party is required to file a civil action in federal court within 90 days of the EEOC decision. *McIntyre v. City of Wilmington*, 360 Fed. Appx. at 357, n. 3. As stated, Plaintiff filed his present action with this Court against Defendant ALS within 90 days of the EEOC 's January 6, 2012 Dismissal and Notice of Rights.

In *Kern*, the Court stated:

> Under Title VII, a charge of employment discrimination must be filed with the EEOC within 180 days of the last claimed act of discrimination. 42 U.S.C. § 20002-5(e)(1); *Oshiver v. Levin*, 38 F.3d 1380, 1385 (3d Cir.1994). While the receipt "of a right-to-sue letter is indeed a statutory prerequisite to filing suit under Title VII[,] when faced with a situation where the EEOC has failed to issue the letter even though the 180-day deadline has expired, courts have allowed a plaintiff to maintain a Title VII action provided that she can show that she is entitled to the right-to-sue letter and has requested it." *Johnson-Medland v. Bethana,* No. 96-4258,1996 WL 612467, *6 (E.D.Pa.1996) (citing *Fouche v. Jekyll Island-State Park Authority,* 713 F.2d 1518, 1526 (11 th Cir.1983); *Lynch v. Borough of Ambler,* No. 94-6401, 1995 WL 113290, * 5 (E.D.Pa.1995); *Johnson v. Duval County Teachers Credit Union,* 507 F.Supp. 307, 309 (M.D.Fla.1980); *Stapper v. Texas Dept. of Human Resources,* 470 F.Supp. 242, 245-46 (W.D.Tex.1979)). Otherwise, parties would be required to file a suit for a writ of mandamus "compelling the EEOC to issue the letter [which would] be unduly cumbersome." *Id.*

*Kern v. Schuylkill Inter. Unit 29*, 2010 WL 235107, *4.

---

[9]We find that if the Court allows Plaintiff to proceed with his Title VII retaliation claim against Defendant ALS, even though it appears that Plaintiff did not timely file his Charge of Discrimination against this Defendant with the EEOC, Defendant ALS can raise this is a defense and can assert this in a Rule 12(b)(6) Motion. *See Leonard v. Bristol Tp. School Dist.*, 2010 WL 2995540, *3, n. 1.

Thus, Plaintiff's own Exhibit indicates that his 180-day deadline to file his Charge with the EEOC expired with respect to his instant retaliation claim against Defendant ALS.  (Doc. 1, 1-6-12 EEOC Dismissal and Notices of Rights). Regardless, Plaintiff has been issued a right-to-sue letter by the EEOC on January 6, 2012, and his Complaint with this Court was filed within the 90-day period.

Accordingly, we will recommend that Plaintiff's action be allowed to proceed as against Defendant ALS with respect to his Title VII retaliation claim (Count One).  *See Barzanty v. Verizon PA, Inc., supra.*[10]

We also  find that Plaintiff has stated a cognizable claim against Defendant ALS under §1981.  (Doc. 1, p. 10, Count Two).   Plaintiff alleges that the "purposeful racially discriminatory actions by Defendants' collectively, resulting in the retaliatory act(s) which led to the 'Blacklisitng' of Plaintiff, violated [§1981]."  (*Id.*). Plaintiff states that as a result of Defendants' unlawful acts in discriminating against him with respect to his employment and his application for employment, he suffered, in part, humiliation, anguish, harm to his reputation, and loss of employment security. It is clear that the "'right to make and enforce contracts'" under §1981 provides a federal remedy against discrimination on the basis of race in private employment."  *Sung Tran v. Delavau, LLC,* 2008 WL 2051992, *12 (E.D. Pa. 5-13-08)(citing *Johnson v. Railway Exp. Agency, Inc.,* 421 U.S.

---

[10]As discussed, we will recommend that Plaintiff's Title VII retaliation claim as well as his §1981 claim and state law claims in his Complaint as against Defendant ELC be dismissed without prejudice due to improper venue, or in the alternative, be transferred to the U.S. District Court for the District of Maryland.  Thus, we do not discuss any further Plaintiff's claims against Defendant ELC.  In any event, if the Court declines to adopt our recommendations as to Defendant ELC and allows Plaintiff's claims  against ELC to remain in this Court, our analysis of Plaintiff's claims against Defendant ALS apply equally to Defendant ELC.

454, 459-60 (1975)).

Moreover, §1981 "protects the equal right of citizens to make and enforce contracts without regard to race." *Whaumbush v. City of Phila.*, 2010 WL 4054334, *10 (E.D. Pa. 10-15-10). The elements of a §1981 claim are: "1) the Plaintiff is a member of a racial minority; 2) an intent to discriminate on the basis of race by the Defendants; and 3) discrimination concerning an activity enumerated in the statute, which includes the right to make and enforce contracts." *Id.* (citation omitted).

Additionally, "§1981created an implied cause of action against private actors because no other federal statute provided a remedy against them." *Id.*(citations omitted).

Based on our above detailed discussion of Plaintiff's allegations, we find that Plaintiff's claim under §1981 are sufficient since he has identified "an impaired contractual relationship under which [he] has rights." Plaintiff appears to allege that he had rights in an employment contract and application and that Defendant ALS impaired his rights under a contract or blocked the creation of a contract (*i.e.* by failing to hire him) through racial discrimination. As such, we find that Plaintiff has stated a claim under §1981. *Whaumbush v. City of Phila.*, 2010 WL 4054334, *10.

Thus, we will recommend that Plaintiff 's §1981 claim against Defendant ALS (Count Two) be allowed to proceed.[11]

---

[11]As noted above, if the Court declines to adopt our recommendation as to proper venue of Plaintiff's claims against Defendant ELC and allows Plaintiff's claims against ELC to remain in this Court, then we also find that Plaintiff has stated a §1981 claim as against Defendant ELC.

We do not find that Plaintiff has stated a cognizable claim (Count Three) against Defendants ELC and ALS under §1985(3).   Plaintiff simply avers that "Defendants' (sic) collectively, has (sic) unlawfully conspired together and acted in concert with each other to deliberately deprive the Plaintiff of protection from retaliation, as provided under Title VII ... ."  (Doc. 1, p. 11).

Initially, we find that Plaintiff's Complaint with respect to his §1985(3) claim in Count Three is in violation of Rule 8.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.");  *Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *10.

The Court in *Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *10, stated:

> Our Court of Appeals has held that a conspiracy claim must be supported by factual allegations that are "sufficient to describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy." *Rose*, 871 F.2d at 366 (citation and internal quotations omitted). At a minimum, to comply with the standard under Rule 8(a), a complaint averring conspiracy must set forth "a valid legal theory and ... adequately state[ ] the conduct, time, place, and persons responsible." *Adams v. Teamsters Local 115*, 214 Fed. Appx. 167, 175 (3d Cir.2007) (citations and internal quotations omitted). Of course, "[a]greement is the sine qua non of a conspiracy," *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D.Pa.1999) ( *citing Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D.Pa.1997)). A "mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *Loftus v. Se. Penn. Transp. Auth.*, 843 F.Supp. 981, 987 (E.D.Pa.1994); *Adams*, 214 Fed. Appx. at 175.

As noted, we construe Plaintiff as  basing his conspiracy claim in Count Three under §1985(3).  We find that Plaintiff 's conclusory allegations do not properly state a conspiracy claim under §1985(3).  Plaintiff does not sufficiently identify an objective of the conspiracy and, the time and place of the conspiracy. He does not specify the roles of Defendants, and he does not state that Defendants made any agreement to discriminate against him based on his EEOC Charge and lawsuit against Defendant ELC.  *See Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *11.  Thus, Plaintiff makes no allegation of a conspiratorial agreement or concerted effort among Defendants.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C.
> § 1985(3) are set forth in a line of Supreme Court cases beginning with the
> decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d
> 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3)
> is limited to private conspiracies predicated on "racial, or perhaps otherwise
> class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798.
> The Court strictly construed the requirement of class-based invidious
> animus in *United Brotherhood of Carpenters and Joiners of America, Local
> 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding
> that commercial and economic animus could not form the basis for a section
> 1985(3) claim.
>
> *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these
> decisions, a plaintiff must allege the following elements in order to state
> a claim pursuant to 42 U.S.C. § 1985(3):
>
> (1) a conspiracy; (2) motivated by a racial or class based discriminatory
> animus designed to deprive, directly or indirectly, any person or class of persons
> to the equal protection of the laws; (3) an act in furtherance of the conspiracy;
> and (4) an injury to person or property or the deprivation of any right or
> privilege of a citizen of the United States.

*See also Farber v. City of Paterson* 440 F.3d 131, 134 (3d Cir. 2006).

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient;  animus must be class-based.")(citations omitted).

Plaintiff Jarvis  raises a claim under §1985 (Doc. 1, p. 11) with no subsection stated.  We have construed him as raising a conspiracy claim under §1985(3).  As such, Plaintiff states that he falls within a class entitled to protection afforded by §1985(3).  However, Plaintiff does not state that the alleged conspiracy to fire him and to not hire him was based on alleged constitutional violations.   Rather, Plaintiff he clearly avers that the conspiracy was based on a violation of Title VII.  (Doc. 1, p. 11).  In *Slater v. Susquehanna County*, 631 F.Supp. 2d 653, 662, n. 3,  the Court noted that "a §1985(3) claim may not be based on a violation of Title VII ... ."(citing *Tyrell v. City of Scranton*, 134 F.Supp.2d 373, 387, n. 10 (M.D. Pa. 2001).   "Plaintiff 's rights under Title VII ... may not be asserted within the remedial framework of §1985(3)."  *Reynolds v. Federal Bureau of Prison*, 2010 WL 281663, *4 (E.D. Pa. 7-15-10)(citing *Great American Federal Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 378 (1979)). Therefore, "§1985(3) may not be used to protect rights created by Title VII." *Id*., *5(citing *Great American Federal Sav. & Loan Ass'n v. Novotny,* 442 U.S. at 378.).

Thus, we will recommend that Plaintiff's claim under §1985(3) be dismissed with prejudice. *See Slater v. Susquehanna County*, *supra*; *Sung Tran v. Delavau, supra; Reynolds, supra.*[12] The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his §1985(3) claim (Count Three), and we find that there is futility if Plaintiff is allowed to amend his stated claim. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

Finally, we will recommend that the Court dismiss with prejudice Plaintiff's PA state law claims (Counts Four and Five). First, we find that Plaintiff's IIED claim should be dismissed with prejudice. As noted, under Pennsylvania law, to state an IIED claim, Plaintiff must allege extreme and outrageous conduct which intentionally or recklessly causes him severe emotional distress. *See Killen v. Northwestern Human Services, Inc.*, 2007 WL 2684541, *9 (E.D. Pa.)(citations omitted); *Levingston v. Borough of Edgewood*, 2008 WL 5101478, *6 (E. D. Pa. 11-26-08)(citations omitted). Pennsylvania law requires "'some type of physical harm due to the Defendant's

---

[12]We also find futility of the Court in allowing Plaintiff to file an amended pleading against Defendants with respect to his §1985(3) claim since this claim is subject to Pennsylvania's two-year statute of limitations for personal injury actions. *See Reynolds v. Federal Bureau of Prison*, 2010 WL 281663, *3 (E.D. Pa. 7-15-10)(citing *Bougher v. Univ. of Pisttsburgh*, 882 F. 2d 74, 79 (3d Cir. 1989)). As stated above, Plaintiff alleges that Defendant ELC discriminated against when it terminated him in April 2007, and that Defendant ALS discriminated against him when it failed to hire him on June 8, 2008. Thus, Plaintiff's §1985(3) claim against both Defendants appears to be time barred.

outrageous conduct' to satisfy the severe emotional distress element." *Id*.(citations omitted)[13]

Plaintiff Jarvis vaguely alleges that he "has suffered injury as a result of the Defendants' reckless

actions." (Doc. 1, p. 11). Plaintiff does not specify the physical harm he allegedly suffered and his

conclusory allegation of harm is not sufficient as discussed above. Regardless, courts dismiss IIED

claims based on racial discrimination and retaliation. *Id*.(citing *Farmer v. United Broth. of*

*Carpenters & Joiners of Amer., Local 25*, 430 U.S. 290 (1977)). Plaintiff Jarvis's IIED claim is clearly

based on alleged racial discrimination and retaliation. As such, this discrimination cannot be form

the outrageous conduct on which he bases his IIED claim. *Id*.

Based upon the above, we find that the Court should not allow Plaintiff to amend his

Complaint with respect to his IIED state law claim, and we find that there is futility if Plaintiff is

allowed to amend his stated claim. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

We will also recommend that the Court dismiss with prejudice all of Plaintiff's state law

claims in Counts Four and Five, namely, his IIED claim, his negligent infliction of emotional distress

claim and his negligent training and supervision claim, since they are time barred. Dismissal of

Plaintiff's three state law claims is proper since his failure to timely file his PA claims is abundantly

---

[13]Under Pennsylvania law, to state an IIED claim "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Hines v. Proper*, 442 F. Supp. 2d 216, 224 (M.D. Pa. 2006) citing Restatement Second of Torts §46, comment (d)(1965). "In addition, Pennsylvania requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress." *Id*. (citation omitted). "Finally, Pennsylvania law requires some type of physical harm due to the Defendant's outrageous conduct to satisfy the severe emotional distress element." *DiLoreto v. Costigan*, 600 F.Supp.2d 671, 691 (E.D. Pa. 2009) (citations omitted).

clear from the face of his Complaint and his Exhibits.  *See Barnett v. York County*, 2011 WL 2790467 (M.D. Pa. 6-24-11) adopted by 2011 WL 2791320 (M.D. Pa. 7-14-11).   We find that Plaintiff's state law claims accrued in April 2007, when Defendant ELC allegedly terminated him due to his employment discrimination complaint and EEOC Charge against it, and on June 8, 2008, when Defendant ALS allegedly failed to hire him as retaliation for his EEOC Charge against Defendant ELC.   Therefore, we will recommend that Plaintiff's three state law claims be dismissed with prejudice as time barred.[14]

## V.   Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff Jarvis's *in forma pauperis* request **(Doc. 2)** be granted.  It is recommended that Plaintiff's claim under §1985(3) (Count Three) be dismissed with prejudice.[15]   It is recommended that Plaintiff's  Complaint **(Doc. 1)** as against Defendant ELC be dismissed without prejudice to file an action against this Defendant in U.S. District Court for the District of Maryland.   In the alternative, it is recommended that Plaintiff's action as against Defendant ELC be transferred to the U.S. District Court for the District of Maryland.  It is also recommended that Plaintiff's Title VII retaliation claim (Count One) and  his

---

[14]In Pennsylvania, there is a two-year statute of limitations with respect to Plaintiff 's state law claims, including his IIED claim and negligent infliction of emotional distress claim.  *See Watson v. City of Phila.*, 2006 WL 2818452 (E.D. Pa. 9-28-06); *Langman v. Keystone Nat'l Bank & Trust Co.*, 672 F.Supp.2d 691 (E.D. Pa. 2009); *Burch v. Pennsylvania,* 2010 WL 1133336, *4 (W.D. Pa. 3-19-10)(citing 42 Pa.C.S.A. §5524).   "The statute of limitations accrues on a personal injury action [in PA] at the time that the injury occurs." *Burch v. Pennsylvania,* 2010 WL 1133336, *4(citation omitted).

[15]As discussed above, we find that it is futile for  the Court to allow Plaintiff to file an amended pleading against Defendants with respect to his §1985(3) claim.

§1981 claim (Count Two) be allowed to proceed as against Defendant ALS.   Further, it is recommend that all three of Plaintiff's Pennsylvania state law claims, *i.e.* IIED, negligent infliction of emotional distress and negligent training and supervision claim (Counts Four and Five), be dismissed with prejudice.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings as against Defendant ALS with respect to only Count One (Title VII claim ) and Count Two (§1981 claim) of the Complaint.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 9,  2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEREK N. JARVIS,                         :        CIVIL ACTION NO. **1:CV-12-0574**
                                         :
              Plaintiff                  :        (Chief Judge Kane)
                                         :
              v.                         :        (Magistrate Judge Blewitt)
                                         :
ANALYTICAL LABORATORY                    :
SERVICES INC., et al.,                   :
                                         :
              Defendants                 :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 9, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

28

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                              **s/ Thomas M. Blewitt**
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: April 9, 2012**