**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEREK N. JARVIS,         : | |
|     Plaintiff     : | Civil Action No. 1:12-cv-574 |
|          : | |
| v.    : | (Chief Judge Kane) |
|          : | |
| ANALYTICAL LABORATORY   : | |
| SERVICES, INC., <u>et al.</u>,   : | |
|     Defendants     : | |

**MEMORANDUM**

Currently pending before the Court is Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Doc. No. 2) and Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 5). For the reasons stated more fully herein, the Court will adopt the Report and Recommendation in part and will dismiss Plaintiff's complaint with prejudice.

**I.   BACKGROUND**[1]

The background of this action is adequately set forth in Judge Blewitt's Report and Recommendation. Thus, the Court will only briefly review the relevant factual details. Plaintiff was employed by Defendant Enterprise Leasing Company from June 27, 2000, until he was terminated on April 19, 2007. Plaintiff filed two complaints alleging workplace discrimination, including discrimination arising from his termination, with the EEOC and local government agencies. As a result of these filings, the EEOC issued right to sue letters on September 26, 2007, and June 24, 2008. On December 19, 2007, Plaintiff filed suit in the Federal District Court

---

[1] Plaintiff provides very little factual detail in his complaint. For purposes of screening Plaintiff's complaint, the Court takes judicial notice of two cases filed by Plaintiff against these Defendants, both of which are referenced in Plaintiff's complaint. <u>McTernan v. City of York</u>, 577 F.3d 521, 526 (3d Cir. 2009) (noting that in ruling on a motion to dismiss "a court may take judicial notice of a prior judicial opinion").

for the District of Maryland.  Jarvis v. Enterprise Leasing Company, No. 8:07-cv-3385 (D. Md.). He filed his final amended complaint, which included claims of retaliatory discharge, on February 13, 2009.  The district court ultimately granted summary judgment in favor of Defendant Enterprise Leasing Company, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment.

After being terminated by Defendant Enterprise Leasing Company, Plaintiff applied for work with Defendant Analytical Laboratory Services on June 8, 2008.  After completing an Equal Employment Opportunities Monitoring Form, he received no further correspondence from Defendant Analytical Laboratory Services.  On June 20, 2008, Plaintiff filed a claim of discrimination with the EEOC.  He received a right to sue letter on April 20, 2010, and filed suit in the United States District Court for the District of Maryland on June 8, 2010.  Jarvis v. Analytical Laboratory Services, 8:10-cv-1540 (D. Md.).  The district court ultimately granted summary judgment in favor of Defendant Analytical Laboratory Services, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment.

In late 2011 or early 2012, Plaintiff filed a claim with the EEOC alleging that Defendants "blacklisted" him and claiming that Defendant Analytical Laboratory Services denied him employment on June 8, 2008, because Plaintiff filed suit against Defendant Enterprise Leasing Company in federal court.  The EEOC issued a right to sue letter on January 6, 2012, in which the EEOC explained that the charge was not timely filed.  On March 29, 2012, Plaintiff initiated the present action based on his EEOC charge.

II.   **STANDARD OF REVIEW**

The Court is satisfied that Magistrate Judge Blewitt correctly determined that Plaintiff

qualifies for in forma pauperis status. Pursuant to 28 U.S.C. § 1915(e)(2), however, before service of process will be ordered, the Court must screen the complaint to determine whether it is subject to dismissal. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal—
>  (i)  is frivolous or malicious;
>  (ii)  fails to state a claim on which relief may be granted; or
>  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, courts apply the same standards as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III.  DISCUSSION

Upon a review of Plaintiff's complaint, the Court is constrained to dismiss his claims with prejudice. As outlined, supra, Plaintiff's complaint is based on employment actions that took place in 2007 and 2008. Plaintiff filed separate civil actions in the Federal District Court

for the District of Maryland against each of these Defendants. His cases were adjudicated by that court and the Fourth Circuit affirmed both decisions. As indicated in Plaintiff's objections to the Report and Recommendation, Plaintiff is displeased with the outcome of his suit in Maryland and has accordingly engaged in post hoc forum shopping in the hopes finding a court more receptive to his claims. Such conduct is plainly barred by the doctrine of res judicata.

A suit will be barred by the doctrine of res judicata where there has been a final judgment on the merits in a previous action involving the same parties based on claims that were or could have been raised in the previous action. Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009) (finding res judicata barred plaintiff's Section 1981 claim where he had previously proceeded against defendant on a Title VII claim). There can be no dispute that Plaintiff's prior lawsuits, although separate rather than joined, involved the identical parties to the present action. Further, it is well settled that "summary judgment is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties. Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973). Both of Plaintiff's prior suits were dismissed at summary judgment based on Plaintiff's failure to produce evidence supporting his claims of discrimination. Therefore, the Court finds that the present action concerns the identical parties as a prior action decided on the merits.

The final question is whether Plaintiff's present suit concerns claims that were or could have been raised in the prior actions. This issue concerns not the theory invoked, but rather "'the essential similarity of the underlying events giving rise to the various legal claims.'" Elkadrawy, 584 F.3d at 174 (quoting Davis v. U.S. Steel Supply, 688 F.2d 166, 171 (3d Cir. 1982)). The Court must focus on "'whether the acts complained of were the same, whether the material facts

alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same.'" Id. (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)).  Plaintiff raises no claims against Defendant Enterprise Leasing Company that were not raised in the prior complaint.  Accordingly, res judicata bars his claims against Defendant Enterprise Leasing Company.  Plaintiff's claims against Defendant Analytical Laboratory Services in the present action are slightly different than those claims previously raised against Defendant Analytical Laboratory Services.  The gravamen of Plaintiff's present complaint is that Defendant Analytical Laboratory Services refused to hire him because he filed an EEOC claim against Defendant Enterprise Leasing Company, which had fired him for filing the same complaint.  In the prior action against Defendant Analytical Laboratory Services, Plaintiff argued that he was not hired based on his race.  The Court acknowledges that these theories are different; however, they arise out of an identical hiring decision and involve the same defendant.  Accordingly, the Court finds that Plaintiff could have raised these arguments in the prior action, and res judicata bars his claims against Defendant Analytical Laboratory Services.  See, e.g., Elkadrawy, 584 F.3d at 173-74 (concluding that although plaintiff's subsequent suit raised previously unalleged facts, that res judicata barred the claims because they could have been brought as part of the first complaint).

  Even if Plaintiff's were not barred by the doctrine of res judicata, all of Plaintiff's claims would be barred.  Prior to bringing a Title VII claim in federal court, a plaintiff must exhaust all administrative remedies.  Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).  The Supreme Court has explained that as part of this exhaustion requirement, an individual must timely file a charge with the EEOC.  AMTRAK v. Morgan, 536 U.S. 101, 109-10 (2002).

Plaintiff challenges a June 2008 employment decision.  Pursuant to 42 U.S.C. § 2000e-5(e)(1), Title VII claims must be filed within 180 days of the employment action or 300 days of the employment action where the plaintiff has filed a concurrent claim with a state agency with the authority to seek relief from such practice.  Even assuming Plaintiff filed an action with a state agency, he would have had to file his EEOC claim no later than approximately April 2009.  In his complaint he alleges that he filed his EEOC claim in late 2011 or early 2012.  Accordingly, Plaintiff's EEOC claim was at least two years late.

Likewise, Plaintiff's remaining claims are all barred by statutes of limitations.  Plaintiff's Section 1981 claim, which alleges that Defendants blacklisted Plaintiff to prevent him from forming a contract for employment, is subject to a two-year statute of limitations.  See Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369, 372-73 (2004) (finding that Section 1981 claims that could have been brought under pre-1991 amendment to Section 1981 are not subject to statute of limitations in 28 U.S.C. § 1658(a)); Ke v. Ass'n of Pa. State College & Unversity Faculties, 447 F. App'x 424 (3d Cir. 2011) (applying Pennsylvania's two-year statute of limitations to Section 1981 claim based on action that could have been brought prior to 1991 amendment).[2]  Similarly, Pennsylvania's two-year statute of limitations applies to Plaintiff's Section 1985(3) claim. Garland v. US Airways Inc., 270 F. App'x 99, 103 (3d Cir. 2008).  Finally, Plaintiff's intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent failure to train and supervise claims based on Pennsylvania law are all subject to Pennsylvania's two-year

---

[2] Assuming Plaintiff has raised a Section 1981 claim for the decision to terminate him, the four-year statute of limitations in 28 U.S.C. § 1658(a) would apply to that claim.  Because that decision was made in April 2007 and Plaintiff did not file this claim until March 2012, however, the claim would be barred even under the longer statute of limitations.

statute of limitations.  42 Pa. Cons. Stat. § 5524(7).  Because the most recent action of which Plaintiff complains took place in June 2008, and Plaintiff did not file the present action until March 29, 2012, the two-year statute of limitations bars each of these claims.

### IV.  CONCLUSION

Plaintiff has demonstrated that he is indigent and thus qualifies for in forma pauperis status.  Upon review of his complaint, however, the Court must conclude that it is barred by the doctrine of res judicata.  Plaintiff filed suit against these identical Defendants alleging violations of his civil rights for the identical employment decisions.  Plaintiff could have, and in some cases did, raise each of the claims raised in this action in his prior lawsuits against these Defendants.  As such, this Court may not entertain Plaintiff's suit.  Even if res judicata did not apply, however, Plaintiff's claims would all be time barred.  Because of these insurmountable procedural defects to the present lawsuit the Court finds that Plaintiff's claim is frivolous and permitting further amendment would be futile.  Accordingly, the Court will dismiss this action with prejudice.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK N. JARVIS,** | : | |
|     **Plaintiff** | : | **Civil Action No. 1:12-cv-574** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **ANALYTICAL LABORATORY** | : | |
| **SERVICES, INC., et al.,** | : | |
|     **Defendants** | : | |

## ORDER

**AND NOW**, on this 4th day of June 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, the Report and Recommendation (Doc. No. 5) is **ADOPTED IN PART**, and the complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close the case.

                                              S/ Yvette Kane
                                              Chief Judge Yvette Kane
                                              United States District Court
                                              Middle District of Pennsylvania