IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK N. JARVIS, | : | |
| Plaintiff | : | Civil Action No. 1:12-cv-574 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ANALYTICAL LABORATORY | : | |
| SERVICES, INC., et al., | : | |
| Defendants | : | |

## MEMORANDUM ORDER

Currently pending before the Court is Plaintiff Derek Jarvis's motion for reconsideration. (Doc. No. 8.)  For the reasons stated more fully herein, the Court will deny the motion.

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted).

It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that

were not presented to the court in the context of the matter previously decided.  Drysdale v.

Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted sparingly."

Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation

omitted).

Plaintiff's motion for reconsideration is largely inscrutable.  A thorough review of the

filings in this matter, however, reveal that the Court did not err in dismissing the above-

captioned action with prejudice.  Plaintiff's complaint makes clear that his claims stem from

"blacklisting" alleged to have occurred in June 2008, which prevented him from being employed

by Defendant Analytical Laboratory Services.  Plaintiff filed lawsuits in the District of Maryland

against both Defendants named in this action, one of which challenged the June 2008

employment decision.  In both cases the district court entered summary judgment and the Fourth

Circuit affirmed.  The current complaint was not timely filed with the EEOC, raises claims that

could have been raised in at least one of the prior lawsuits, and was filed with this Court well

over three years after the employment decision was made.  Each of these reasons warrant

dismissal with prejudice.  The motion for reconsideration does not cast doubt on any of the

Court's conclusions.

ACCORDINGLY, on this 11th day of June 2012, **IT IS HEREBY ORDERED THAT**

Plaintiff's motion for reconsideration (Doc. No. 8) is **DENIED**.  This matter shall remain closed.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court

2

Middle District of Pennsylvania